**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA Y. SUAZO,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No. **'20 CV1482 GPC BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

NOW COMES, MARINA Y. SUAZO, through undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA") pursuant to 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

1

## PARTIES

4. MARINA Y. SUAZO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2405 Pemberton Place, Buford, Georgia 30519.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

8. Defendant has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4805.

13. At all times relevant, Plaintiff's number ending in 4805 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Years ago, Plaintiff applied for and was issued a Credit One Bank, N.A. credit card.

16. Plaintiff activated this card, and began using her card for personal purchases.

17. On or about March 3, 2017, Plaintiff paid off her $445.19 balance.

2

18. Two years later, Plaintiff started to receive phone calls from Defendant seeking to collect $648.33 on behalf of Midland Funding LLC who had allegedly purchased Plaintiff's Credit One Bank, N.A. account.

19. On multiple occasions, Plaintiff answered these collection calls, verbally disputed that she owed the debt, and asked for the calls to cease.

20. Despite Plaintiff's requests, Defendant's collection calls persisted.

21. Often times when Plaintiff answered, she was met by an approximate three-second pause prior to being connected to an agent.

22. Other times when Plaintiff answered, however, she was met by an automated, machine-operated voice instructing Plaintiff to "[p]lease hold for the next available representative."

23. In total, Defendant placed at least 50 harassing collection calls to Plaintiff seeking payment on Plaintiff's alleged $648.33 balance despite Plaintiff's requests for the phone calls to cease.

24. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

25. In addition to Defendant's above-referenced collection calls, Defendant mailed Plaintiff a letter titled "PRE-LEGAL NOTIFICATION" dated July 30, 2020, which stated:

| **Account Details** | |
|---|---|
| Original Creditor: | Credit One Bank, N.A. |
| Original Account Number: | XXXXXXXXXXXX1666 |
| Current Servicer: | Midland Credit Management, Inc. |
| MCM Account Number: | 8575570196 |
| Current Owner: | Midland Funding LLC |
| Current Balance: | $648.33 |

**ACT NOW:**
**Attorney review may be the next step**

**Call (800) 939-2353 by 06-01-2020**

Re: Credit One Bank, N.A.

3

> Dear Marina:
>
> Midland Credit Management, Inc. (MCM) has made several attempts to contact you regarding this account. MCM is now considering forwarding your account to an attorney in your state for possible litigation. Upon receipt of this notice, please call **(800) 939-2353** to discuss your options.
>
> If we don't hear from you or receive payment by **06-01-2020**, we may proceed with forwarding this account to an attorney.
>
> Here are some options to resolve your debt:
> - Pay your full balance of $648.33
> - Call us to see how to qualify for discounts and payment plans.
>
> **If your account is forwarded to an attorney, this may result in a lawsuit against you.**
> We encourage you to call us: **(800) 939-2353**
> Hours of Operation: **Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;**
>
> Sincerely,
>
> Tim Bolin, Division Manager

26. Defendant's PRE-LEGAL NOTIFICIATION was received in an envelope with the words "**TIME SENSITIVE DOCUMENT**" printed on its exterior in bold font.

27. When Plaintiff received an envelope with the words "TIME SENSITIVE DOCUMENT" printed on its exterior in bold font, her attention was drawn to these words and she became anxious and stressed over contents of Defendant's PRE-LEGAL NOTIFICATION.

28. Worried about her legal options, and anxious and distressed over Defendant's harassing collection calls and use of envelopes with the words "**TIME SENSITIVE DOCUMENT**" printed on its exterior in bold font, Plaintiff chose to contact an attorney to understand her legal rights under the law.

29. Defendant has determined that it collects more money from consumers when it sends letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" than envelopes that do not contain these words.

30. Defendant's research demonstrates that least sophisticated consumers are more likely to open collection letters sent inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" than envelopes that do not contain these words.

31. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

35. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

36. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff in spite of Plaintiff's multiple requests that they stop calling.

37. "Intent may [] be found with a pattern of calling where a collector calls back immediately, continues to call after being asked to stop, or calls numerous times in the same day." Ammons v. Diversified Adjustment Serv., 2019 U.S. Dist. LEXIS 175842, 2019 WL 5064840, *16 (C.D. Cal. 2019) (citing *Stirling v. Genpact Servs., LLC*, 2012 U.S. Dist. LEXIS 49816, 2012 WL 952310, at *2 (C.D. Cal. 2012)).

38. Defendant's behavior of systematically calling Plaintiff in an attempt to collect debt that Plaintiff disputed was harassing and abusive.

39. Defendant's collection calls to Plaintiff were made with specific intent of annoying, harassing, and abusing Plaintiff.

40. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff informed Defendant she disputed the debt is illustrative of Defendant's intent to annoy and harass Plaintiff.

41. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff requested for the phone calls to cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

### Violation(s) of 15 U.S.C. § 1692f

42. Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

43. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id*.

44. Subpararaph (8) prohibits the following conduct:

[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

6

*Id*. § 1692f(8).

45. Section 1692f(8) regulates language "on any envelope." *Id*.

46. The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

47. In other words, NO EXCEPTIONS.

48. Accordingly, Defendant's inclusion of "**TIME SENSITIVE DOCUMENTS**" on the front of the envelope violates 15 U.S.C. § 1692f(8).

49. Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENTS**."

50. Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENTS**" on envelopes.

51. Defendant's practice of including "**TIME SENSITIVE DOCUMENTS**" on envelopes mailed to consumers unfairly puts Defendant ahead of other debt collectors.

52. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692 d, d(5) and f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that MCM violated 15 U.S.C. §§ 1692 d, d(5) and f(8);

B. an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Defendant placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

55. The TCPA defines an automatic telephone dialing system as equipment which has the capacity – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

56. As plead above, on multiple occasions, Defendant used an artificial or pre-recorded voice, which automatically played once Plaintiff answered Defendant's collection calls.

57. Upon information and belief, based on the "three-second pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

58. Upon information and belief, the ATDS employed by Defendant transfers the call to an agent once a human voice is detected, hence the three-second pause.

59. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store numbers to be called; and (B) to dial such numbers. See *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.").

60. As noted above, Plaintiff revoked any and all earlier consent on multiple occasions.

61. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

62. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

63. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that the collection calls cease.

64. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and revenue.

65. As a result of Defendant's's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

66. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 31, 2020

Respectfully submitted,

**MARINA Y. SUAZO**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

10